UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THEODORE REDDING, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:21-cv-320 |
| CAPITAL LINK MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) **JURY DEMAND** |
| | ) |
| | ) |

## COMPLAINT

Now come THEODORE REDDING ("Plaintiff"), complaining as to CAPITAL LINK MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

**PARTIES**

4. Plaintiff is a natural person residing in Cuyahoga County in Ohio.

5. Defendant is a third-party debt collector located in the State of New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**BACKGROUND**

7. Plaintiff incurred a debt to Lending Club (the "account").

8. Plaintiff used the account to pay for everyday living expenses, such as groceries.

9. After Plaintiff defaulted on this debt, Defendant received the debt and began to collect on it.

10. On January 7, 2020,[1] Defendant left Plaintiff the following 33-second voicemail message:

> Hi, Theodore Redding, my name is Danielle Beech. I'm calling from CLM Mediation Legal Department. I was calling regarding a petition for judgment, as well as garnishment, that has been filed against you in my office. It is imperative that I speak with either you, or an attorney on your behalf, as soon as possible. I will be in th office today until 5:00 PM, and I can be reached directly at 833-750-0010. Thank you.

11. The claims made on this voicemail are false.

---

[1] Some, but certainly not all, of the events in this Complaint occurred after the one-year statute of limitations imposed by the FDCPA. Where an event occurs outside of the statute of limitations for the FDCPA, it is still within the statute of limitations for the CSPA, which has a two-year statute of limitations.

12. Defendant is not, and does not have, a "Mediation Legal Department."

13. Defendant had no legal ability or intention to draft, file, obtain, or use a "petition for judgment" or any form of "garnishment."

14. It was not imperative that Defendant speak with Plaintiff or his attorney as soon as possible.

15. After Plaintiff received this voicemail, Plaintiff sent a notice letter on or about January 7, 2020 to Defendant through counsel. The letter stated that Defendant was to cease and desist all future communication with Plaintiff directly, and it instructed Defendant to communicate with Plaintiff's counsel.

16. On February 14, 2020, Defendant called Plaintiff directly and left a second voicemail.

17. In this 40-second voicemail, Defendant stated:

> Hello, this message is for Mr. Theodore Redding. My name is Mr. Porter, calling with the Legal Division of Capital Link Management. Mr. Redding we are intending to notify you of a civil lawsuit being filed against you in our office, and unfortunately you or your attorney have not returned any of my calls as of yet. So, just to make sure you are aware, Mr. Redding, failure to do so will result to [sic] an automatic judgment being filed [inaudible]. So, again, give me a call back at 866-844-2631. Again, that is 866-844-2631.

18. The claims made in this voicemail are also false.

19. On information and belief, Defendant does not have any division that would remotely qualify as a "Legal Division." Defendant does not, on information and belief, provide any legal services related to the accounts it collects.

20. Defendant had no legal ability or intention to draft or file a "civil lawsuit."

21. Failure to return Defendant's calls would not result in an "automatic judgment."

22. Plaintiff did not receive, and on information and belief, Defendant did not send, any notices of debt collection to Plaintiff through the mails or otherwise.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff realleges the paragraphs above as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA because he incurred a loans used to provide for his own everyday subsistence.

25. Defendant Capital Link Management, LLC is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

26. In the alternative, Defendant Capital Link Management, LLC, is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27. Defendant Capital Link Management, LLC's actions violated the following provisions of the FDCPA:

   a. § 1692c(2) by continuing to communicate with Plaintiff directly after Defendant knew that Plaintiff was represented by an attorney, and had knowledge or could readily ascertain knowledge of the attorney's name and address;

b. § 1692c(c) by communicating with Plaintiff after receiving a written cease and desist letter indicating that the collector should cease all further communication with the consumer;

c. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

d. § 1692d(6) by referring to itself as "CLM Mediation Legal Department" in telephone calls, which is not a meaningful disclosure of the caller's identity;

e. § 1692e(3) by falsely implying that its communications were from attorneys;

f. § 1692e(4) and § 1692e(5) by falsely representing or implying the nonpayment of the account would result in a garnishment being levied against Plaintiff;

g. § 1692e(5) by falsely threatening to file a "petition for judgment," lawsuit, or other similar proceeding against Plaintiff without the ability or intention to do so;

h. § 1692e generally and §1692e(2)(A) by referencing a "petition for judgment" that did not exist, thus mischaracterizing the nature and legal status of Plaintiff's debt;

i. § 1692e(11) by failing to disclose in the initial communication that the call was from a debt collector; that the debt collector was attempting to collect a debt; and that any information obtained would be used for that purpose;

  j. § 1692e(14) by using the false name "CLM Mediation Legal Department" in connection with the collection of the account;

  k. § 1692e(3) and § 1692e(14) by using the non-existent "Legal Division" of Capital Link Management in connection with the collection of the account;

  l. § 1692g(a) by failing to send any written notice to the consumer within five days of the initial communication containing the information specified in § 1692g(a)(3)–(5); and

  m. § 1692g(b) by engaging in activities that overshadowed or were inconsistent with Plaintiff's right to dispute the debt, such as threatening Plaintiff with lawsuits, judgments, garnishments, and the like.

28. Defendant Capital Link Management LLC is directly and/or vicariously liable for the actions of its employees.

29. To the extent that any of the above violations occurred outside the one-year statute of limitations period for the FDCPA, those violations are pled here merely for the sake of convenience, as each FDCPA violation above constitutes a CSPA violation and is incorporated by reference into Count II below.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

30. Plaintiff realleges the above paragraphs as though fully set forth herein.

31. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

32. Plaintiff is a "person" as defined by R.C. 1345.01(B).

33. Defendant is a "supplier" as defined by R.C. 1345.01(C).

34. Debt collection is part of a "consumer transaction" as defined by R.C. 1345.01(A).

35. R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees, enhanced attorney fees, punitive damages, treble damages, and further relief.

36. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

37. Plaintiff specifically incorporates Paragraph 27a through 27m and restates each subparagraph as a separate and distinct violation of the CSPA.

38. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to damages.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**d.**     Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus enhanced attorney fees;

**e.**     Awarding Plaintiff treble and/or punitive damages pursuant to the CSPA; injunctive relief pursuant to the CSPA; and any other relief that the CSPA may provide; and

**f.**     Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*